The State v. The Morris Canal and Banking Co.

THE STATE v. THE MORRIS CANAL AND BANKING COMPANY.

1. It is not a defect in an indictment, that it purports to be made upon the " oaths," instead of the " oath " of the grand inquest.

2. When, by statute, the duty of building and keeping in repair a public bridge is imposed upon any person or corporation, such person or corporation is liable to indictment at the common law for neglecting such duty, and the allegation *contra formam statuti* will be applied to the statute, as creating the duty, and not as imposing the penalty.

3. Whether a provision in a charter enacting, " that when a canal *shall* cross any public road, it shall be the duty of the company to make and keep in repair good and sufficient bridges across the said canal," obliges the company to erect bridges across the canal, where crossed by public roads, laid out since its construction ? *Quere.*

This was a motion to quash an indictment, found in the Passaic Oyer and Terminer, against the defendants, for not

keeping in repair a bridge over their canal, where crossed by a public highway, in the township of Wayne, in the county of Passaic.

The indictment was removed into this court by *certiorari*, and the motion to quash was argued before Justices RANDOLPH and OGDEN.

OGDEN, J., delivered the opinion of the court.

Two principal objections were urged against the indictment :

1st. That it purports to have been made upon the oaths and affirmation of the inquest, not oath. This objection is without force.

Either expression is sufficient. 2 *Hawk.* 298.

2d. That the indictment does not show upon its face that a misdemeanor has been committed, for which the defendants are amenable.

It is stated in the indictment, that on the 1st of May, 1848, and thence to the taking of the inquisition, there was a public road in the township of Wayne, in the county of Passaic, used, &c. ; that on the 1st of May aforesaid, there was, and from thence hath been, and still is, an incorporated company, by the name of "the Morris Canal and Banking Company," setting forth the date of the charter and title, and the organization under it ; that under the charter, they, prior to the said 1st of May, made and constructed, and since that date have used and maintained a canal, a portion of which is in the township of Wayne ; that, by the twelfth section of the charter, it was enacted, " that where the said canal shall cross any public road, it shall be the *duty* of the company, at their proper expense, to make good and sufficient bridges across the said canal, and keep the same in repair, so as to prevent any inconvenience in the use of the said road, by reason of the said canal crossing the same."

It is then stated that the canal crosses the said public road at Mead's basin, in said township ; that the company there erected a bridge across the said canal, and that the said bridge, on the 1st of May aforesaid, and continually thereafter to the time of taking, &c., was, has been, and is a bad and insufficient

bridge across the said canal, and insufficient to prevent inconvenience in the use of the said road, by reason of the said canal crossing the same, and is broken, decayed, unsafe, &c., so that the public could not pass upon the said public road as they were wont to do, to the damage and common nuisance of all persons passing and repassing upon the said public road, contrary to the form of the statute aforesaid, against the peace of the state, the government and dignity of the same.

It thus appears upon the face of the indictment, that the public road and the canal existed on the 1st day of May, 1848, in Wayne township, in the county of Passaic, and continued to exist at the finding of the grand jury; that the canal crosses the said road; that the company had heretofore erected a bridge there over the canal, and that on the day named, and from thence to the time of finding the indictment, the said bridge was bad and insufficient to prevent inconvenience in the use of the said road, &c., negativing a performance of the duty in the terms used in the section.

We are of opinion that the facts stated, together with the duty imposed upon the company by the twelfth section of the charter, exhibit an offence against the public, for which they are indictable.

It is not necessary that the charters of turnpike, canal, and railroad companies should, in terms, subject them to indictment for neglect of a positive duty enjoined upon them towards the public at large, in order to bring them within the reach of criminal proceedings. The neglect of an ascertained duty towards the public may create a nuisance, for which they may be indicted at common law.

This proceeding is of that character, and although the indictment charges, that permitting the bridge to remain in a decayed and inconvenient state, was contrary to the form of the statute aforesaid (meaning the section imposing the duty), it does not follow that the offence charged became such by virtue of the statute. It is an offence at common law, flowing from a non-observance of the obligation imposed by the statute.

There is nothing upon the face of this indictment which calls upon the court now to settle whether the duty created by the

twelfth section of the charter extends to roads constructed *after* the erection of the canal. If the legislature intended that the burthen of constructing and maintaining bridges over the canal, upon all roads which might be laid out across the canal after its excavation, should devolve upon the counties traversed by it, and that such erection should be adapted by them to the convenient navigation of the canal, it will be time enough to decide that important question, when a case fairly presenting itself shall arise. The practical workings of such a construction of the section might create serious embarrassment in the enjoyment and protection of the canal by the company.

We adjudge the indictment to be good, and refuse the motion to quash.